UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FLORENCE PEARSON,** | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) COMPLAINT |
| **NATIONAL TENANT NETWORK, INC.** | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2. Plaintiff Florence Pearson is an adult individual who, at all relevant times, resided in Philadelphia, PA.

3. Defendant National Tenant Network, Inc. ("NTN") is a consumer reporting agency which conducts business in the Eastern District of Pennsylvania and has a principal office located at 188 Fries Mill Road, Turnersville, NJ 08012.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. In or around January 2021, Plaintiff applied for an apartment at Paseo Verde South in Philadelphia ("PVS").

7. As part of Plaintiff's rental application, PVS obtained a consumer report from Defendant.

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff's civil court record history ("inaccurate information").

10. The inaccurate information includes, but is not limited to, an inaccurate eviction history and outstanding judgment.

11. The inaccurate information grossly disparages the Plaintiff and portrays her as having an eviction and outstanding money judgment against her. There is perhaps no greater error that a consumer reporting agency can make.

12. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

13. In fact, it appears as if Defendant failed to even review the relevant public records, as even a rudimentary review of the public records would show that the information reported by Defendant was inaccurate.

14. Despite the glaring inconsistencies stated above, Defendant sold to PVS a consumer report that contained the inaccurate information.

15. Defendant has sold reports containing the inaccurate information to third parties since at least January 2021.

16. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

17. As a result of the inaccurate report Defendant sold to PVS in January 2021, Plaintiff's ability to secure housing was initially denied and then delayed.

18. The basis for that denial and delay was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial and delay.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **COUNT I - VIOLATIONS OF THE FCRA**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

                           Respectfully Submitted,

                           **FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Mark D. Mailman*
         MARK D. MAILMAN, ESQUIRE
         JOSEPH GENTILCORE, ESQUIRE
         1600 Market Street, 25th Floor
         Philadelphia, PA 19103
         (215) 735-8600
Dated: July 2, 2021        *Attorneys for Plaintiff*